1  SEYFARTH SHAW LLP
   Ashley N. Arnett (SBN 305162)
2  aarnett@seyfarth.com
   601 South Figueroa Street, Suite 3300
3  Los Angeles, CA 90017-5793
   Telephone:   (213) 270-9600
4  Facsimile:    (213) 270-9601

5  Attorneys for Defendant
   CARSON HOSPITALITY GROUP, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dwain Lammey,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Carson Hospitality Group, Inc., a California Corporation; and Does 1-10,<br><br>　　　　Defendants. | Case No. 2:21-cv-01326<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>(Los Angeles County Superior Court Case No. 21CMCV00002)<br><br>Complaint Filed: January 4, 2021 |

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Carson Hospitality Group, Inc. ("Defendant") hereby removes the above-referenced action filed by Plaintiff Dwain Lammey ("Plaintiff") (collectively the "Parties") in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to effect the removal of this action, and state that removal is proper for the reasons set forth below.

## BACKGROUND

1. This removal involves a lawsuit that was filed by Plaintiff on January 4, 2021 in the Superior Court of the State of California for the County of Los Angeles, entitled *Dwain Lammey v. Carson Hospitality Group, Inc.*, Case No. 21CMCV00002. *See* Declaration of Ashley N. Arnett ("Arnett Decl.") at ¶ 3.

2. The Complaint asserts two claims for relief against Defendant: (1) violation of Title III of the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, *et seq*.) and (2) violation of the Unruh Civil Rights Act (California Civil Code §§ 51-53). *See* Arnett Decl. at ¶ 4 and Ex. A thereto.

## TIMELINESS OF REMOVAL

3. Plaintiff personally served Defendant with the Complaint on January 15, 2021. *See* Arnett Decl. at ¶ 5.

4. As such, this Notice of Removal is timely as it is filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *See* 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL

5. This Court has original jurisdiction over actions involving one or more federal questions. *See* 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

6. Plaintiff's first cause of action in the Complaint seeks remedies under Title III of the ADA—a federal statute codified at 42 U.S.C. §§ 12181, *et seq*. *See* Arnett Decl. at ¶ 4 and Ex. A thereto (Complaint pp. 8-9). This action therefore presents a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7. Plaintiff's remaining claim is asserted under California's Civil Code §§ 51-53 (Unruh Civil Rights Act) based on an alleged failure to provide full and equal access to Defendant's services, specifically relating to Defendant's reservation policies and practices, in violation of the ADA. *See* Arnett Decl. at ¶ 4 and Exh. A thereto (Complaint p. 10).

8. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claim as it arises from, relates to, and emanates from the same alleged ADA violation, and is so related that it forms part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

## VENUE

9. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1391. This action originally was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of the State of California, and the allegations in Plaintiff's Complaint occurred in the County of Los Angeles.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## NOTICE OF REMOVAL

10. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

11. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant, including the Summons and Complaint, are attached as Exhibit A to the Declaration of Ashley N. Arnett.

12. The undersigned, as counsel for Defendant, has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant prays that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

DATED: February 12, 2021           SEYFARTH SHAW LLP

By: /s/ *Ashley N. Arnett*
       Ashley N. Arnett

Attorneys for Defendant
CARSON HOSPITALITY GROUP, INC.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA         )
                            ) SS
COUNTY OF LOS ANGELES       )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California  90017-5793.

    On **February 12, 2021**, I served the within document(s):

    **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

| | |
|---|---|
| Raymond Ballister Jr., Esq.<br>Russell Handy, Esq.<br>Amanda Seabock, Esq.<br>Zachary Best, Esq.<br>CENTER FOR DISABILITY ACCESS<br>8033 Linda Vista Road, Suite 200<br>San Diego, California 92111<br>Telephone No.: (858) 375-7385<br>Email:  amandas@potterhandy.com | Attorneys for Plaintiff<br>DWAIN LAMMEY |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on **February 12, 2021**, at Los Angeles, California.

*Sandra Hinojosa*
_____
    Sandra Hinojosa